

**DAN MORALES**
ATTORNEY GENERAL

# Office of the Attorney General
## State of Texas

September 11, 1991

Robert A. MacLean, M.D.　　　　　　Opinion No. DM- 39
Acting Commissioner
Texas Department of Health　　　　　Re:　Construction of the public hearing
1100 West 49th Street　　　　　　　requirement for certain state grants
Austin, Texas　78756-3199　　　　　awarded pursuant to the Human Immu-
　　　　　　　　　　　　　　　　nodeficiency Virus Services Act, chapter
　　　　　　　　　　　　　　　　85, Health and Safety Code (RQ-92)

Dear Dr. MacLean:

Your agency has asked us to construe the public hearing requirement for certain state grants awarded to nonprofit community organizations pursuant to the Human Immunodeficiency Virus Services Act (the "act"). *See* V.T.C.S. art. 4419b-4. The act was initially adopted in 1989 and subsequently codified in 1991 during the regular legislative session as chapter 85 of the Health and Safety Code. Acts 1991, 72d Leg., ch. 14, § 36, at 62-73; Acts 1989, 71st Leg., ch. 1195, § 1, at 4854-64. Chapter 85 took effect September 1, 1991. Subchapter B of chapter 85 requires the Texas Department of Health (the "department") to establish and administer a state grant program to nonprofit community organizations for HIV education, prevention, risk reduction, treatment, health, and social services programs. *See* Health & Safety Code § 85.031.

Section 85.034 of subchapter B, which requires the department to establish grant application procedures and eligibility guidelines, provides in pertinent part:

> (a) The department shall establish application procedures and eligibility guidelines for the state grants under this subchapter.

> (b) Application procedures must include regional public hearings after reasonable notice in the region in which the community organization is based before awarding *an initial grant or grants totalling more than $25,000 annually*. (Emphasis added.)

In accordance with these provisions, the department has adopted formal rules describing the grant application procedures and eligibility guidelines for grants awarded pursuant to subchapter B. *See* 25 T.A.C. §§ 98.1 - 98.44; Tex. Dep't. Health, 15 Tex. Reg. 4819 (to be codified at 25 T.A.C. §§ 98.61 - 98.89); Tex. Dep't. Health, 16 Tex. Reg. 971 (to be codified at 25 T.A.C. § 98.90). Those rules provide that the department shall contract with eligible organizations for the provision of HIV services. 25 T.A.C. § 98.22(a); Tex. Dep't Health, 15 Tex. Reg. 4821 (to be codified at 25 T.A.C. § 98.82(a)). Those rules also provide that regional public hearings will be conducted before the award of an initial grant or grants totaling in excess of $25,000, but that no public hearing will be required for the renewal of a contract. 25 T.A.C. § 98.22(e); Tex. Dep't Health 15 Tex. Reg. 4821 (to be codified at 25 T.A.C. § 98.82(e)).

The department has requested our assistance in construing the public hearing requirement in section 85.034(b). In particular, the department requests that we interpret the phrase "an initial grant or grants totalling in excess of $25,000 annually." In information submitted to us, the department states that it has construed this language to require public hearings only before the award of an initial grant in excess of $25,000, and to not require public hearings prior to the renewal of any previously awarded grant. In that information, the department also states that it construes this language to prohibit it from circumventing the public hearing requirement by awarding a series of initial grants to an eligible organization that separately are for $25,000 or less, but which together exceed $25,000. The department seeks our guidance because this language is subject to differing interpretations. For instance, the statutory language could be construed to require a public hearing before the award of any initial grant regardless of its amount as well as before the renewal of a grant in excess of $25,000. After a review of the legislative history, however, we conclude that only the department's interpretation of section 85.034(b) is correct.

The legislature's adoption of Senate Bill 959 in 1989 enacted the provision subsequently codified as section 85.034(b). As introduced in the Senate and as sent to the House for consideration, Senate Bill 959 did not include a public hearing requirement for state grants awarded to nonprofit community organizations. *See* C.S.S.B. 959, 71st Leg. (1989) (Senate committee substitute located in bill file to S.B. 959); S.J. of Tex., 71st Leg., at 1374-78 (1989) (amendments to Senate C.S.S.B. 959 on second and third readings in the Senate). The House, prior to its consideration of Senate Bill 959, had discussed and amended on the floor the committee substitute for House Bill 1901, the companion bill to Senate Bill 959.

H.J. of Tex., 71st Leg., at 2108-10 (1989). As issued from the House Committee on Public Health, the committee substitute for House Bill 1901 included in section 2.02(a) of article 2 of the act a requirement that the department's grant application procedures for grants to nonprofit community organizations "include a public hearing, after reasonable notice, in the county in which the community organization is based before awarding a grant." See C.S.H.B. 1901, art. 2, § 2.02(a), 71st Leg. (1989) (House committee substitute located in bill file to H.B. 1901). An amendment sponsored by Representative Brad Wright on the floor amended that language in section 2.02(a) by adding the phrase "or grants totalling in excess of $10,000 annually." H.J. of Tex., 71st Leg., at 2110 (1989) (second reading of C.S.H.B. 1901). Prior to adoption of the amendment, the sponsor explained that the committee substitute for House Bill 1901 would require a public hearing before awarding any grant to a community organization and that the purpose of his amendment was to avoid the cost of the hearing procedure exceeding the amount of the award by applying the public hearing requirement only "to grants in excess of $10,000." Debate on C.S.H.B. 1901 on the Floor of the House, 71st Leg. (May 19, 1989) (tape available through Office of the House Committee Coordinator). Thus, the phrase "totalling in excess of $10,000 annually" was meant to modify the word "grant" as well as "grants."

In lieu of the amended committee substitute for House Bill 1901, the House subsequently considered on the floor the committee substitute for Senate Bill 959 that was issued by the House Committee on Public Health. H.J. of Tex., 71st Leg., at 2286 (1989); C.S.S.B. 959, 71st Leg. (1989) (House committee substitute located in bill file to S.B. 959). In the House committee substitute for Senate Bill 959, the House committee included in section 2.02(a) of the act a provision requiring that the department's grant application procedures for grants to nonprofit community organizations "include a public hearing, after reasonable notice, in the county in which the community organization is based before awarding a grant or grants totalling in excess of $10,000 annually." The quoted language is identical to that in the House committee substitute for House Bill 1901 after adoption of Wright's amendment on the floor of the House during second reading of the bill. The quoted language in the House committee substitute for Senate Bill 959 was thereafter amended during second reading on the floor of the House so that the public hearing requirement in section 2.02(a) applied only to "a grant or grants totalling in excess of $20,000." H.J. of Tex., 71st Leg., at 2287 (1989) (emphasis added).

After the Senate refused to concur in the changes made by the House to Senate Bill 959, the House and the Senate met in conference to resolve their differences. In conference, section 2.02(a) of the act was amended to require the department's grant application procedures to "include regional public hearings after reasonable notice in the region in which the community organization is based before awarding an *initial* grant or grants totalling in excess of *$25,000* annually." *See* S.J. of Tex., 71st Leg., at 3558, 3561 (1989) (Conference Committee report on S.B. 959, revised section 2.02(a)) (emphasis added); *see also* Conference Committee side-by-side comparison of House, Senate, and Conference versions of bill at 5, S.B. 959, 71st Leg. (1989) (located in bill file to S.B. 959).

The Conference Committee's explanation of the changes to section 2.02(a) in the committee's side-by-side comparison of its version of Senate Bill 959 with the House and Senate versions states that the committee's version amended section 2.02(a) to refer to grants in excess of $25,000 and to require regional hearings "only with initial grants." *See* Conference Committee side-by-side comparison, *supra*, at 5. The Conference Committee's explanation clearly indicates the legislature's intent was to limit the public hearing requirement only to initial grants that exceed $25,000.[1]

Given this legislative history, we conclude that section 85.034(b) does not require the department to hold hearings for the renewal of grants with eligible organizations or for the initial award of grants of $25,000 or less. However, section 85.034(b) does not permit the department to award a series of initial grants to an eligible organization that separately are for $25,000 or less, but which together exceed $25,000, without holding a public hearing.

---

[1]At the same time that the Conference Committee amended section 2.02(a) to refer only to initial grants, the committee amended section 1.09 of article 1 of the act. Prior to amendment, section 1.09 read "[a] contract entered into by the department under this article may not be for a term of more than one year, except that a contract may be renewed." The committee added the phrase "without a public hearing" to the end of the quoted language. This phrase must have been added to clarify and be consistent with the public hearing requirement in section 2.02(a) of article 2 because at no time has any other part of article 1 or any other article of the act contained a public hearing requirement. Section 1.09 has been codified as section 85.015(e) of subchapter A of chapter 85.

## SUMMARY

The Texas Department of Health is not required by the Human Immunodeficiency Virus Services Act, chapter 85 of the Health and Safety Code, to hold a public hearing prior to the renewal of a grant to a nonprofit community organization; nor does the act require the department to hold a public hearing before the award of an initial grant that is $25,000 or less. The act requires the department only to hold a public hearing before awarding an initial grant that exceeds $25,000 or before awarding a series of initial grants to the same organization that exceed $25,000.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Celeste A. Baker
Assistant Attorney General